**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Chas Roberts Air Conditioning, Inc., ) | No. CV-05-2082-PHX-NVW |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | **[Not for publication]** |
| ) | |
| ) | |
| Sheet Metal Workers International ) | |
| Association, Local Union 359, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

The Court has before it Chas Roberts Air Conditioning, Inc's ("Chas Roberts") Motion to Remand to State Court, Doc. # 7, the defendants' ("Union") Opposition to Plaintiff's Motion to Remand to State Court, Doc. # 10, and Chas Roberts's Reply in Support of its Motion to Remand, Doc. #12.

On June 28, 2005, Chas Roberts filed an action against the Union in Maricopa County Superior Court. Chas Roberts alleged state-law causes of action for intentional misrepresentation/fraud ("fraud") and equitable estoppel. In July 2005, the Union removed the action to federal district court, stating that section 301 of the Labor Management Relations Act ("LMRA") or, in the alternative, the Employee Retirement Income Security Act ("ERISA") preempted Chas Roberts's state-law claims. In August 2005, Chas Roberts filed a motion to remand the action, arguing that neither section 301 nor ERISA preempted its claims.

On November 16, 2005, Chas Roberts's action was transferred to this court because of a related matter between the same two parties already before this court. The present issue before the court is whether it has jurisdiction to hear Chas Roberts's claims, which turns on whether section 301 or ERISA preempts Chas Roberts's claims for fraud or equitable estoppel claim.

## I.     Statement of the Case

Chas Roberts and the Union entered into a collective bargaining agreement on May 24, 1994. According to its terms, the collective bargaining agreement expired on July 31, 1998. However, there is a dispute between the parties as to whether the agreement did expire on July 31, 1998 or whether it was extended and modified by the parties. This question was before the court in case CV-04-1573, and on May 5, 2005, this court ordered an arbitration panel to determine whether the parties extended the existing collective bargaining agreement. This court retained jurisdiction to hear any further motions to enforce or vacate the arbitration panel's subsequent decision. That arbitration is supposed to occur on December 13, 2005.

Following this court's May 2005 order, Chas Roberts filed a separate action in state court, alleging state-law causes of action for fraud and equitable estoppel.

## II.    Legal Standard–Motion to Remand

A party can remove any case that is filed in state court if the district courts would have original jurisdiction to hear the case. *See* 28 U.S.C. §1441. Whenever a district court determines that it lacks subject matter jurisdiction to hear a case, the court must remand the case to state court. *See* 28 U.S.C. §1447. The party seeking removal has the burden of establishing federal jurisdiction, "and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inv. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, an exception to the well-pleaded

1 complaint rule is the complete preemption doctrine, which is applied in cases raising claims 2 preempted by § 301 of the LMRA. *Id.* at 393-94 (holding that "when the heart of the state-3 law complaint is a . . . clause in the collective bargaining agreement, the complaint arises 4 under federal law. . ."). In addition, 29 U.S.C. § 144(a) explains how ERISA preempts state-5 law claims.

## III.   LMRA Preemption

Section 301 of the LMRA, 29 U.S.C. § 185(a), states: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Federal policy is that substantive principles of federal law should apply in section 301 cases so that a uniform doctrine of federal labor law will prevail over inconsistent local rules. *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103 (1962). The preemptive force of section 301 completely displaces any state-law cause of action for violation of a collective bargaining agreement. *Stallcop v. Kaiser Found. Hosp.*, 820 F.2d 1044, 1048 (9th Cir. 1987). If resolution of the state-law claim depends upon the meaning of the collective bargaining agreement, the application of state law is preempted, and federal labor-law principles must apply. *Lingle v. Norge Div. of Magic Chef, Inc.*, (1988). Thus, state-law claims are preempted if they require interpretation of a collective bargaining agreement. *Id.* However, "[w]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livados v. Bradshaw*, 512 U.S. 107, 123 (1994). The fact that a plaintiff may not have a remedy under federal law does not determine whether or not a state-law claim is preempted by section 301. *Newberry v. Pac. Racing Ass'n*, 1146 (9th Cir. 1988)("[W]e need only inquiry whether Newberry's claim arose under section 301, thus permitting removal to federal court, although the plaintiff may have sought a remedy available only under state law.").

- 3 -

Section 301 vests courts with jurisdiction to determine whether a collective bargaining agreement exists. *See Rozay's Transfer v. Local Freight Drivers, Local 208*, 850 F.2d 1321, 1326 (9th Cir. 1988)("Section 301, moreover, applies not only to suits for breach of a collective bargaining agreement once it is duly formed, but also to suits impugning the existence and validity of a labor agreement."); *Int'l Brotherhood of Electrical Workers, Local 481 v. Sign-Craft, Inc.*, 864 F.2d 499, 502 (7th Cir. 1988)("[W]e now . . . hold that under § 301(a) any disputes about the meaning or validity of collective bargaining agreements come within the jurisdiction of the federal courts."). The question of whether a collective bargaining agreement exists may be submitted to binding arbitration. *See Bhd. of Teamsters & Auto Truck Drivers Local 70 v. Interstate Distrib. Co.*, 832 F.2d 507, 509 (9th Cir. 1987)("And, where as here, the agreement contains a broad arbitration clause covering all disputes concerning the meaning of the terms and provisions of the agreement and the clause does not expressly exclude disputes over the termination provision, the answer is, again, simple. Disputes over expiration or termination must be submitted to arbitration.").

Chas Roberts states that its estoppel claim "simply seeks to enjoin the Union from now asserting (in any forum) that the parties' expired collective bargaining agreement was extended in view of the Union's prior **extracontractual** conduct, representations, and/or omissions to the contrary." Doc. #12. It is attempting to prevent the Union from arguing at the December 13, 2005 arbitration that a collective bargaining agreement exists, which was the Union's contention in CV-04-1573 and is the very issue before the Board. A positive result in this action would impair the Union's ability to succeed at the December 13, 2005 arbitration. Chas Roberts thus invokes state law to interfere with the Board's ability to decide whether a collective bargaining agreement exists by limiting what the Union may present. Such a state-law claim cannot be independent of the collective bargaining agreement. By its very nature, the equitable estoppel claim would interfere with the Board's ability to carry out its responsibility under the collective bargaining agreement as previously interpreted by this court to determine whether the collective bargaining agreement remains in effect. Therefore, section 301 preempts Chas Roberts's claim for equitable estoppel.

The court will await the outcome of the Board's proceedings before addressing whether Chas Roberts' fraud claim then remains, whether it too is preempted by section 301, and if not, whether this court should retain supplemental jurisdiction of it under 28 U.S.C. § 1367.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand, Doc. # 7, is denied.

DATED this 9th day of December, 2005.

_____
Neil V. Wake
United States District Judge